D. GILL SPERLEIN (SBN 172887)
THE LAW OFFICE OF D. GILL SPERLEIN
345 Grove Street
San Francisco, California 94102
Telephone: (415) 404-6615
Facsimile: (415) 404-6616
gill@sperleinlaw.com

Attorney for Plaintiff Axel Braun

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| AXEL BRAUN, | ) CASE NO.: C-12-4105 YRG (JSC) |
| Plaintiff, | ) **FIRST AMENDED COMPLAINT:** |
| vs. | ) **(1) COPYRIGHT INFRINGEMENT; and** |
| BENNY YU, | ) **(2) CONTRIBUTORY COPYRIGHT** |
| Defendant. | ) **INFRINGEMENT** |
| | ) **DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

1.     This is an action by AXEL BRAUN, who does business as Axel Braun Productions, to recover damages arising from Defendant's infringement of his movie, *Star Wars XXX: A Porn Parody*, and to enjoin Defendant from future infringement.

2.     Plaintiff is informed and believes and based thereon alleges that BENNY YU, using BitTorrent technology, began distributing illegally reproduced portions of Plaintiff's movie at least as

-1-

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET    SAN FRANCISCO, CA 94102
TEL: 415-404-6615    FAX: 415-404-6616

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET
SAN FRANCISCO, CA 94102
TEL: 415-404-6615    FAX: 415-404-6616

1   early as 10:34:26 PM GMT on April 2, 2012, and continued to do so until at least 3:45:00 PM GMT

2   on April 3, 2012.

3       3.      Plaintiff is informed and believes and based thereon alleges that during those 17 hours,

4   BENNY YU made pieces of Plaintiff's movie available to at least 27 other individuals who during

5   the same time frame accessed the Internet from other Internet protocol (IP) addresses located within

6   the state of California.

7

8   **JURISDICTION**

9

10       4.      This Court has subject matter jurisdiction over Plaintiff's claims for copyright

11   infringement pursuant to 17 U.S.C. §§ 101, *et. seq.,* and 28 U.S.C. §§ 1331 and 1338(a).

12       5.      Plaintiff is informed and believes and based thereon alleges that Defendants reside in,

13   solicit, transact, or are doing business within the State of California.

14       6.      Using geo locating tools, Plaintiff's investigators placed within the State of California

15   the IP address from which the Defendant accessed the Internet to engage in the infringing actions

16   alleged herein.

17

18       7.      In response to a subpoena, Mr. YU's Internet service provider identified him as the

19   subscriber to whom it had assigned the IP address from which the infringing activity occurred.  Mr.

20   YU is a resident of this District and the address from which the infringing activity originated is

21   located within this district.

22

23   **VENUE**

24

25       8.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1400(a).  As this is a copyright

26   infringement action, venue is allowed in any judicial district in which a Defendant resides or may be

27

28

-2-

FIRST AMENDED COMPLAINT
C-12-4105 YGR (JSC)

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET
SAN FRANCISCO, CA 94102
TEL: 415-404-6615     FAX: 415-404-6616

found.  Plaintiff is informed and believes and based thereon alleges that Defendant Mr. Yu resides in this District.

## INTRA DISTRICT ASSIGNMENT

9.     As this an intellectual property action, it is subject to District wide assignment pursuant to Local Rule 3-2(c).  The Clerk of the Court randomly assigned this action to the Oakland Division.

## THE PARTIES
### THE PLAINTIFF

10.     AXEL BRAUN is an individual doing business as Axel Braun Productions with his principal place of business located in Porter Ranch, California.

11.     AXEL BRAUN produces, directs, markets, and distributes adult entertainment products, including Internet website content, videos, DVDs, photographs, etc.

### THE DEFENDANTS

12.     Defendant BENNY YU, reproduced and distributed a specific file containing Plaintiffs' movie identified by its infohash - B420335EDBF1786C6A0FDC567C4EE9920911847B.

13.     Other direct infringers participated in the swarm sharing the specific file containing Plaintiffs' movie identified by its infohash B420335EDBF1786C6A0FDC567C4EE9920911847B during the 17 hours Mr. Yu distributed pieces of the file to the swarm.  The other direct infringers each received portions of the file from the swarm and subsequently reproduced and distributed the file to other peers participating in the swarm.

## FACTS COMMON TO ALL CLAIMS

14.     Technological advances have made it increasingly possible to transfer large amounts of data, including digital video files, by and through the Internet.

-3-

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET
SAN FRANCISCO, CA 94102
TEL: 415-404-6615    FAX: 415-404-6616

15.     BitTorrent is a peer-to-peer file sharing protocol used for distributing and sharing data on the Internet, including motion pictures. Rather than downloading a file from a single source, the BitTorrent protocol breaks files into many small pieces and allows users to join a group of hosts (or "swarm") to download and upload those pieces from each other simultaneously.

16.     First, a user navigates to a BitTorrent tracking website. The user cannot download the file from this website, rather the user downloads a torrent file that will keep track of all the other peers that are exchanging pieces of the file.

17.     The downloaded torrent file contains a unique hash code known as an SHA-1 HASH – or "infohash" a unique identifier generated by a mathematical algorithm developed by the National Security Agency. This torrent file and its infohash serves as a roadmap to a BitTorrent program to locate and download all the pieces of a file such as a motion picture or music file.

18.     It is helpful to think of the process of transferring files using BitTorrent technology in the context of a constructed puzzle. In furtherance of sharing this puzzle, it is deconstructed into tiny pieces. These pieces are then distributed among one or more peers participating in a swarm. Once a peer identifies a file he wants to download, the peer locates all the peers currently on line and offering for distribution the identical file (cut in the same pieces) as identified by the unique infohash. The technology, in conjunction with software residing on tracking servers, is capable of locating all the unique corresponding pieces that make up the original file. The software then downloads pieces of the file from various peers, seeking the pieces that will download the fastest. Once all the pieces are located and downloaded, the software places the pieces into the original order thereby reconstructing the entire original file.

19.     When users possess the same infringing file as identified by the unique infohash (as in this case), it is because each infringer possesses an exact digital copy containing the exact pieces

-4-

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET
SAN FRANCISCO, CA 94102
TEL: 415-404-6615    FAX: 415-404-6616

unique to that file. Returning to the puzzle analogy, other puzzles may be created out of the same motion picture, but those pieces will not fit together with the pieces from a differently cut puzzle, even if made from the same motion picture. Only pieces from the puzzle identified by the unique hash ID will fit together. Thus, the BitTorrent users rely on other users that are working with the same version of the puzzle at the same time.

20.    The user places the torrent file into a BitTorrent program on their computer, also known as a BitTorrent "client" application. This program connects uploaders (seeders) of the file (i.e. those that are distributing the content) with downloaders of the file (i.e. those who are copying the content). During this process, the torrent tracker directs the BitTorrent user's computer to other users who have an exact copy of the file, and then facilitates the download process from those users.

21.    Plaintiff is informed and believes and based thereon alleges that in this instance, Defendant YU served as an uploader of pieces of the file, during the exact time that other direct infringers participated in the swarm and exchanged pieces of the file.

22.    Files obtained by this method are downloaded in hundreds or even thousands of individual pieces. In turn, each downloaded piece is immediately available for distribution to other users seeking the same file. The effect of this technology makes every downloader also an uploader of the content. This means that every user who has a copy of the infringing material on a torrent network also serves as a source for others to download that material.

23.    The total number of users participating in a swarm at a given time increases the overall speed and efficiency at which all the other swarm members can download the entire file. Thus, each user relies on the other swarm members for not only specific bits and pieces of the audiovisual file he exchanges to or from specific users, but also he relies on *all* the other peers participating in the swarm at that time to increase the speed at which he or she is able to download the file.

-5-

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET
SAN FRANCISCO, CA 94102   FAX: 415-404-6616
TEL: 415-404-6615

24.   Mr. YU stayed on line and continued to offer the pieces of the infringing file for at least 17 hours, while other peers logged on and downloaded pieces of the file that he and other peers were distributing.  In turn, those peers exchanged those pieces with other peers.

**FIRST CLAIM**
**COPYRIGHT INFRINGEMENT – 17 U.S.C. §501**
Plaintiff Owns a Federally Registered Copyright of the Infringed Movie

25.   Plaintiff repeats and incorporates by this reference the allegations set forth in all previous paragraphs.

26.   At all times relevant hereto, Plaintiff has been the co-producer and co-claimant of the copyrights in the motion picture, *Star Wars XXX: A Porn Parody*.  AXEL BRAUN has registered the copyright for the motion picture with the United States Copyright Office, and the U.S. Copyright Office assigned the work the registration number PA 1-397-097, Supplement to PA 1-787-699.

Defendants Willfully Infringed Plaintiff's Registered Copyrights

27.   Plaintiff is informed and believes and based thereon alleges that, BENNY YU without authorization, reproduced and distributed Plaintiff's copyright registered work by and through the Internet using BitTorrent technology.

28.   Defendant knew or should have known that he was not authorized to reproduce or distribute Plaintiff's motion picture.

**SECOND CLAIM**
**CONTRIBUTORY COPYRIGHT INFRINGEMENT**

29.   Plaintiff repeats and incorporates by this reference the allegations set forth in all previous paragraphs.

30.   Other peers directly infringed Plaintiff's copyrights by reproducing and distributing Plaintiff's movie without authorization.

-6-

THE LAW OFFICE OF D. GILL SPERLEIN
345GROVE STREET   SAN FRANCISCO, CA 94102
TEL: 415-404-6615   FAX: 415-404-6616

31.     Plaintiff is informed and believes and based thereon alleges that Defendant YU materially contributed to the direct infringement of Plaintiff's copyright protected work by other peers by providing pieces of Plaintiff's copyright registered work to those peers.

32.     Plaintiff is informed and believes and based thereon alleges that Defendant YU knew they he was infringing Plaintiff's copyrights and knew the other swarm participants were also infringing Plaintiff's copyrights.

33.     Plaintiff is informed and believes and based thereon alleges that Defendant YU assisted other subsequent participants in the swarm, by exchanging pieces with those users.

34.     Plaintiff is informed and believes and based thereon alleges that the Defendant YU was conscious of his own infringement and of the fact that multiple other persons downloaded from him the file containing Plaintiff's Motion Picture.

35.     The infringement by other BitTorrent users could not have occurred but for the YU and similarly situated peers.  As such, YU's participation in the infringing activities of others is substantial.

36.     Defendant YU is contributory liable for the infringing acts of other peers.

## JURY DEMAND

37.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues properly triable by a jury in this action.

## PRAYER

WHEREFORE, Plaintiff AXEL BRAUN respectfully requests judgment as follows:

1)     That the Court enter a judgment against Defendant that he has willfully infringed Plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501.

-7-

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET
SAN FRANCISCO, CA 94102   FAX: 415-404-6616
TEL: 415-404-6615

2)     That the Court issue injunctive relief against Defendant, and that Defendant, his agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with him, be enjoined and restrained from copying, posting or making any other infringing use or infringing distribution of audiovisual works, photographs or other materials owned by or registered to Plaintiff;

3)     That the Court enter an order of impoundment pursuant to 17 U.S.C. §§ 503 and 509(a) impounding all infringing copies of Plaintiff's audiovisual works, photographs or other materials, which are in Defendant,s possession or under his control;

4)     That the Court order Defendant to pay Plaintiff's general, special, actual and statutory damages as follows: Plaintiff's damages pursuant to 17 U.S.C. § 504(b), or in the alternative, enhanced statutory damages in the amount of one hundred fifty thousand dollars ($150,000.00) per infringed work, pursuant to 17 U.S.C. § 504(c)(2), for Defendant's willful infringement of Plaintiff's copyrights;

5)     That the Court order all Defendant to pay Plaintiff both the costs of this action and the reasonable attorney's fees incurred by it in prosecuting this action pursuant to 17 U.S.C. § 504; and

6)     That the Court grant to Plaintiff such other and additional relief as is just and proper.


Dated:   May 6, 2013                              Respectfully submitted,

                                                  */s/D. Gill Sperlein*

                                                  _____
                                                  D. GILL SPERLEIN
                                                  THE LAW OFFICE OF D. GILL SPERLEIN
                                                  Attorney for Plaintiff, AXEL BRAUN

-8-